OPINION
{¶ 1} By complaint filed June 3, 2002, appellant, Vernon Davis, Jr., was charged with one count of assault, a misdemeanor, in violation of R. C. Section 2903.13(A). Appellant subsequently entered a plea of no contest to this charge, was found guilty by the trial court, and duly sentenced. Appellant filed a timely notice of appeal from the judgment of conviction and sentence.
 {¶ 2} Although this Court was not provided a transcript of the proceedings, this Court has reviewed the video tape proceedings wherein the court accepted appellant's no contest plea and sentenced appellant. At this hearing, the trial court made proper inquiry of appellant as to whether he understood the nature of the charges against him, the recommended sentence, satisfaction with his attorney, and his remaining constitutional rights with respect to the within action. Appellant appeared to understand the proceedings, his rights, and the waiver of his rights. This Court is satisfied that appellant knowingly, voluntarily and freely entered his no-contest plea.
 {¶ 3} The facts as contained in the record indicate that appellant caused physical harm to a person who was attempting to stop appellant from assaulting another. At the time the victim attempted to stop this fight, appellant punched the victim in the face.
 {¶ 4} On January 2, 2003, counsel for appellant filed a brief pursuant to Anders v. California (1967), 388 U.S. 924 indicating that the within appeal was wholly frivolous. Counsel for appellant also sought to withdraw as counsel for appellant. Counsel for appellant also notified appellant of his right to file a pro se brief raising any and all errors appellant deemed occurred in the trial court. Although advised of his right to file pro se brief, appellant has failed to file same.
 {¶ 5} Pursuant to Anders v. California, supra., once counsel for appellant notified this Court that he believed the within appeal to be wholly frivolous, this Court must examine the entire record to determine if there's any merit to the within appeal. If this Court determines that the appeal is wholly frivolous, the Court may grant the attorney's request to withdraw.
 {¶ 6} We have conducted an independent examination of the entire record, including the video taped proceedings, and find that the within appeal is wholly frivolous. Accordingly, the motion of Attorney Scott A. Wolf to withdraw as counsel for appellant in the instant case is hereby granted.
 {¶ 7} Additionally, for the reasons stated above, we hereby affirm the judgment of conviction and sentence entered against appellant, Vernon Davis, Jr.
By: Edwards, J., Gwin, P.J. and Boggins, J. concur.
Topic: In Re: Anders.